UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONNISHA BUTLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 1:21-cv-01244 |
| v. ) | |
| ) | Hon. Franklin U. Valderrama |
| FORD MOTOR COMPANY, and ) | |
| STEPHAN MALLOY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

Plaintiff Connisha Butler ("Plaintiff"), by and through her attorneys, Uche O. Asonye and Pamela A. Rangel of Asonye & Associates, and Defendant Ford Motor Company, by and through its attorneys, Timothy S. Millman and Kathleen M. Nemechek of Berkowitz Oliver LLP, and Karen Kies DeGrand, Curtiss S. Schrieber and Mark H. Boyle of Donohue Brown Mathewson & Smyth LLC and pursuant to this Court's standing order respectfully submits the following Joint Status Report. The parties have conferred as required by Rule 26(f). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.    Nature of the Case**

    **A.  Attorneys of Record**

| | |
|---|---|
| Uche O. Asonye - Lead Trial Attorney | Kathleen M. Nemechek - Lead Trial Attorney |
| Pamela A. Rangel | Timothy S. Millman |
| Asonye & Associates | Berkowitz Oliver LLP |
| 100 N. LaSalle Street, Suite 2115 | 2600 Grand Blvd., Suite 1200 |
| Chicago, IL 60602 | Kansas City, MO 64108 |
| uasonye@aa-law.com | knemecheck@berkowitzoliver.com |
| prangel@aa-law.com | tmillman@berkowitzoliver.com |
| Attorneys for Plaintiff | Attorneys for Defendant Ford Motor Company |

Karen Kies DeGrand
Curtiss Scott Schreiber
Mark H. Boyle
Donohue Brown Mathewson & Smyth LLC
140 South Dearborn Street, Suite 800
Chicago, IL 60603
degrand@dbmslaw.com
schreiber@dbmslaw.com
boyle@dbmslaw.com
Local Counsel and Attorneys for Defendant Ford Motor Company

### B. Identify the basis for Federal Jurisdiction

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, diversity jurisdiction. Plaintiff is a citizen of the State of Illinois. Defendant Ford Motor Company is incorporated under the laws of the State of Delaware, with its principal place of business in the State of Michigan. Defendant Ford Motor Company is a citizen of the State of Delaware and Michigan. Defendant Stephan Malloy is a citizen of the State of Indiana. The "amount in controversy" likely exceeds $75,000, thus satisfying the Diversity Jurisdiction amount. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

### C. Provide a short overview of the case in plain English (five sentences or less).

Plaintiff has asserted claims of sexual harassment, sex discrimination, retaliation, assault, intentional infliction of emotional distress, and violations of the Illinois Gender Violence Act. Plaintiff was employed by Defendant Ford Motor Company as a Short-Term Supplemental Operator, an hourly position, at Ford's Chicago Assembly Plant. In December 2018, Plaintiff had a verbal encounter with Defendant Stephan Malloy, an hourly coworker, and she was later discharged. Plaintiff contends that she was terminated for reporting alleged unlawful conduct and behavior of Defendant Stephan Malloy. Ford contends that Plaintiff was terminated for violating Ford's anti-harassment policy.

**D. Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

Plaintiff has brought claims against Defendants arising under the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.,* the Illinois Gender Violence Act, 740 ILCS 82/1 *et seq.*, and Illinois common law. Ford has not yet answered but has filed a partial motion to dismiss contending that Plaintiff has failed to state a plausible claim for relief based on sexual harassment, that Ford is not vicariously liable for alleged acts of Defendant Stephan Malloy outside the scope of his employment, that Plaintiff's claim for intentional infliction of emotional distress is preempted by the Illinois Workers' Compensation Act and/or the Illinois Human Rights Act, and that a corporation like Ford cannot be held liable under the Illinois Gender Violence Act, but even if it could be held liable, the Complaint does not plausibly allege that Ford "personally assisted" or "personally encouraged" Defendant Malloy to engage in alleged acts of gender-related violence. Ford anticipates that it may also assert a failure to mitigate defense when answering the Complaint.

**E. What are the principal factual and legal issues?**

<u>Plaintiff's Position</u>

The principal issues are whether Defendant sexually harassed and discriminated against Plaintiff through its agent, co-Defendant Stephan Malloy, whether Defendant retaliated against Plaintiff after her protected activity, and whether Defendant assisted and/or encouraged co-Defendant Stephan Malloy's assault, intentional infliction of emotional distress, and gender-related violence.

<u>Defendant Ford Motor Company's Position</u>

The principal issues are whether Plaintiff experienced an objectively severe or pervasive hostile work environment based on sex (Plaintiff and Defendant Malloy engaged in a single, verbal

altercation), whether Ford is vicariously liable for any alleged sexual harassment committed by Plaintiff's hourly coworker, Defendant Malloy, whether Plaintiff violated Ford's anti-harassment policy, whether Plaintiff was discharged for a legitimate non-discriminatory and non-retaliatory reason (violating the anti-harassment policy), whether Defendant Malloy committed acts of intentional infliction of emotional distress and/or gender-related violence, whether Ford is vicariously liable for any such acts allegedly committed by Defendant Malloy, whether Plaintiff's claim for intentional infliction of emotional distress is preempted by the Illinois Workers' Compensation Act and/or the Illinois Human Rights Act, and whether a corporation like Ford can be held liable under the Illinois Gender Violence Act, and, if so, whether Ford "personally assisted" or "personally encouraged" Defendant Malloy to engage in alleged acts of gender-related violence.

**F. What relief is the Plaintiff seeking? Quantify the damages, if any.**

Plaintiff seeks all available relief pursuant to the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.* and the Illinois Gender Violence Act, 740 ILCS 82/1 *et seq.* Plaintiff also seeks back pay, compensatory damages, and all other recoverable damages in excess of $50,000 against Defendants as a result of extreme mental anguish, outrage, severe anxiety, shameful embarrassment among her friends, colleagues, and co-workers, irreparable damage to her reputation, disruption of her personal life, and loss of enjoyment of the ordinary pleasures of life as a result of Defendant's action and inaction. Plaintiff further states that she seeks out-of-pocket expenses, appropriate damages resulting from diminished earning capacity due to Defendants' conduct, costs of litigation, and all reasonable attorney's fees, which continue to accrue.

**G. Have all of the defendants been served or waived service of process? If not, identify the defendants that have not received service.**

Defendant Ford Motor Company waived service of process on March 5, 2021. Defendant Stephan Malloy has not yet been served. Defendant Ford Motor Company's attorneys do not represent Defendant Malloy and are not authorized to accept service on his behalf nor waive service of process on his behalf. Defendant Ford is willing to produce a record of Defendant Stephan Malloy's last known address through the formal discovery process, after an agreed confidentiality order is in place. Plaintiff's attorney is in the process of locating a last known address for Defendant Malloy. Defendant Ford Motor Company has provided Plaintiff's attorney with a draft of the Confidentiality Order and a joint motion for consideration in the meantime.

II.  **Discovery**

   A. Discovery Schedule

| Event | Deadline |
| --- | --- |
| Initial Disclosures (this case is not governed by the MIDP) | June 18, 2021 |
| Amendment to the Pleadings | August 17, 2021 |
| Completion of Fact Discovery | December 16, 2021 |
| Disclosure of Plaintiff's Expert Report(s) | Plaintiff does not anticipate the need for an expert witness. |
| Disclosure of Plaintiff's Expert | Plaintiff does not anticipate the need for an expert witness. |
| Disclosure of Defendant's Expert Report(s) | Defendant Ford does not anticipate the need for an expert witness. |
| Disclosure of Defendant's Expert | Defendant Ford does not anticipate the need for an expert witness. |
| Dispositive Motions | January 28, 2022 (Ford seeks more than the typical 30 days because of the intervening holiday period) |

   B. **How many depositions do the parties expect to take?**

Plaintiff anticipates taking the depositions of approximately 5 witnesses. Defendant Ford anticipates taking the depositions of approximately 2 witnesses.

**C. Do the parties have any special issues during discovery?**

The parties do not anticipate any special issues arising during discovery.

**D. Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)? If so, do the parties propose anything?**

The parties have discussed a discovery plan. The parties will exchange Rule 26 initial disclosures and also serve interrogatories and document requests. Due to the uncertainty surrounding the current global health crisis and the number of depositions they need to take, the parties request that they have until December 16, 2021 to complete fact discovery.

The parties also request that dispositive motions be filed no later than January 28, 2022. Response brief(s), if any, shall be submitted within 30 days thereafter. Reply brief(s), if any, shall be submitted within 21 days thereafter. The parties plan to submit an agreed confidentiality order for the Court's consideration.

**III. Trial**
**A. Have any of the parties demanded a jury trial?**

Yes. Plaintiff requested a jury trial when the complaint was originally filed in the Circuit Court of Cook County. Defendant Ford also filed a demand for jury trial in the Circuit Court of Cook County.

**B. Estimate the length of trial.**

The probable length of trial is 5-7 days.

**IV. Settlement, Referrals, and Consent**
**A. Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing?**

There are no ongoing settlement discussions at this time.

B. **Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

The parties do not request a settlement conference at this time.

C. **Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties <u>unanimously consent</u> to that procedure?**

The parties do <u>not</u> unanimously consent to proceeding before the assigned Magistrate.

V. **Other**

A. **Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)**

No.

B. **Is there anything that the defendant(s) wants the Court to know? (Please be brief.)**

No.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| **Connisha Butler** | **Ford Motor Company** |
| By: /s/ Pamela A. Rangel | By: /s/Timothy S. Millman |
| One of Her Attorneys | One of its Attorneys |
| Uche O. Asonye<br>Pamela A. Rangel<br>ASONYE & ASSOCIATES<br>100 N. LaSalle Street, Suite 2115<br>Chicago, Illinois 60602<br>uasonye@aa-law.com<br>prangel@aa-law.com | Kathleen M. Nemechek<br>Timothy S. Millman<br>Berkowitz Oliver<br>2600 Grand Blvd., Suite 1200<br>Kansas City, MO<br>knemechek@berkowitzoliver.com<br>tmillman@berkowitzoliver.com |
| | Karen Kies DeGrand<br>Curtiss Scott Schreiber<br>Mark H. Boyle<br>Donohue Brown Mathewson & Smyth LLC<br>140 South Dearborn Street, Suite 800<br>Chicago, IL 60603<br>degrand@dbmslaw.com<br>schreiber@dbmslaw.com<br>boyle@dbmslaw.com |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on May 18, 2021, she caused a true and correct copy of the foregoing *JOINT INITIAL STATUS REPORT UNDER RULE 26(f)* to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system.

/s/ Pamela A. Rangel